

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RUBIR FIGUEROA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| v. ) | **2:09-cv-00295-UNAS-JEO** |
| ) | |
| **DRAKOS[1] HOLDING CORP. d/b/a** ) | |
| **THE FISH MARKET RESTAURANT,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., case in which the plaintiff, Rubir Figueroa, seeks payment from his employer, defendant Drakos Holding Corporation d/b/a The Fish Market Restaurant, for unpaid overtime wages and liquidated damages, as well as attorney's fees and costs pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b). (*See* Complaint ("Compl."), Doc. 1). It is now before the court on the parties' "Joint Motion to Approve Settlement and to Dismiss Action with Prejudice." ("Joint Mot.," Doc. 5). The parties have consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). *Id*. For the reasons that follow, the court concludes that it can and does approve the parties' settlement and grants the motion to dismiss.

## DISCUSSION

In the complaint, the plaintiff alleges that he was employed by the defendant beginning in

---

[1] In the "header" of the complaint, the defendant is identified as "Darkos Holding Corp. d/b/a The Fish Market Restaurant." (Doc. 1 at 1). However, in the body of that same pleading, the defendant is identified as "Drakos Holding Corp. d/b/a The Fish Market Restaurant." (*Id.* ¶ 5). The defendant's answer indicates that the latter designation, "Drakos," is correct.

or about November 2004 through February 2009, but was not paid overtime wages for time worked in excess of 40 hours per week, as required under the FLSA, *see* 29 U.S.C. § 207. (Compl. at ¶¶ 7, 9, 10). As previously stated:

> The FLSA provides that employees are generally entitled to receive overtime pay at one and one-half times their regular rate for all hours worked in excess of 40 per week. *See* 29 U.S.C. § 207(a)(1). An employer who violates the FLSA is liable to its employee for both unpaid overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). In an action to recover unpaid overtime compensation, a court is further required to award a prevailing plaintiff a reasonable attorney's fee and costs of the action. *Id.*

(Doc. 6 at p. 3). In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), the court stated that "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." The primary focus of a court's inquiry in determining whether to approve an FLSA settlement is to ensure that an employer does not take advantage of its employees in settling their claim for wages and other damages due under the statute. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 714, 719 (E.D. La. 2008). Therefore, the court requested that the parties provide information concerning the following matters at an evidentiary hearing: (1) the plaintiff's title or position with the defendant or whether there are any circumstances that might support or rebut that the plaintiff was exempt from, or otherwise not subject to, FLSA overtime requirements; (2) the number of overtime hours that the plaintiff claims to have worked; (3) the time period(s) for which the plaintiff claims he was not paid overtime; (4) the plaintiff's alleged regular rate of pay during the period(s) for which he seeks overtime; (5) circumstances that might tend to support or

rebut a claim that the defendant's alleged violation was "willful," so as to extend the statute of limitations from two to three years, *see* 29 U.S.C. § 255(a); (6) the amount of overtime wages that the plaintiff is claiming in this action; (7) the nature of any potentially disputed legal or factual issues; (8) the amount of the settlement; or (9) how the settlement is being allocated as between wages, the liquidated damages, and an attorney's fee.  The court further requested a copy of the proposed settlement agreement for review.

The court conducted its hearing on the matter on July 21, 2009.  The parties submitted the settlement agreement, which is a part of the record as Court Ex. 1.  They also offered information concerning the areas specified above.  Premised thereon, the court finds that during the relevant period, the plaintiff was a busboy working for the defendant.  His allegations include that from about February 2006 through about January 2009, he worked between 1753 and 1803 hours of unpaid overtime.  The work was done at his request, not that of the employer.  He was paid in cash for the overtime work, but at his regular rate of pay.  His unpaid overtime wages are estimated at $6, 310.54.  There is a legitimate dispute as to the amount of overtime hours worked due to the fact that the plaintiff did not retain or produce all of his pay statements.  The settlement amount, which is specified in the agreement, includes appropriate amounts for the overtime pay and liquidated damages and a reasonable attorney's fee.

Premised on the foregoing, the court finds the compromised settlement of this matter to be fair and reasonable under the circumstances.  Accordingly, the settlement is due to be approved and this matter dismissed with prejudice.

**DONE** this 21st day of July, 2009.

/s/ John E. Ott
_____
**JOHN E. OTT**
United States Magistrate Judge